**FISHERBROYLES, LLP**
Timothy L. Moore, Esq.
CA Bar No. 305168
811 Mason Street
San Francisco, CA 94108
T: 619-678-1588
F: 619-275-7479
timothy.moore@fisherbroyles.com

Attorney for Defendant Group & Pension Administrators, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| LOS ALAMITOS MEDICAL CENTER,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ELAP SERVICES, LLC, a Delaware limited liability company, GROUP & PENSION ADMINISTRATORS, INC., a Texas corporation, NEWEGG, INC., a California corporation, and DOES 1 through 25, inclusive,<br><br>　　　　Defendants. | Case No.:  8:20-cv-2184<br><br>**NOTICE OF REMOVAL OF DEFENDANTS GROUP & PENSION ADMINISTRATORS, INC.** |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Group & Pension Administrators, Inc. ("GPA") hereby removes to this Federal Court the State Court action described below. In support of this notice of removal, the Defendant shows the Court as follows:

1. On October 9, 2020, Plaintiff filed a complaint in the Superior Court of the State of California in and for the County of Orange, entitled *Los Alamitos Medical Center v. ELAP Services, LLC, a Delaware limited liability company, Group & Pension Administrators, Inc., a Texas corporation, Newegg, Inc., a*

*California corporation, and DOES 1 through 25, inclusive,* Case No. 30-2020-01164495-CU-BC-CJC (the "State Court Action"). The summons and complaint were served on GPA on October 14, 2020. A true and correct copy of the summons and complaint are attached hereto, collectively, as **Exhibit A**. No other documents have been served on the Defendant.

    2.    Defendants Newegg, Inc., and ELAP Services, LLC, consent to removal.

    3.    Plaintiff's claims against all Defendants are removable to this Court pursuant to this Court's federal question jurisdiction.

    4.    This Court possesses federal question jurisdiction over this action because Plaintiff seeks recovery of benefits under an employee welfare benefit plan and such claims for benefits are completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Any civil action brought in state court may be removed to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over cases that arise under federal laws. 28 U.S.C. § 1331. When an action contains a claim arising under federal law, the entire action is removable to federal court. 28 U.S.C. § 1441(c)(1). Thus, if any of Plaintiff's claims arise under federal law, removal is proper.

    5.    Plaintiff asserts two causes of action against Defendants: (1) breach of implied-in-fact contract; and (2) *quantum meruit*. The causes of action are merely ERISA claims for benefits disguised as state law claims that are completely preempted by ERISA, conferring subject matter jurisdiction on this Court.

    6.    Plaintiff admits Defendants operate a self-funded health benefit plan that provides health care benefits to plan participants and beneficiaries. (Complaint, at ¶¶ 3, 4, 5.)

    7.    The ERISA plan document governing Defendants' self-funded health

benefit plan is attached hereto as **Exhibit B**.

8. Plaintiff allegedly provided treatment to "Patient," who was a participant in Defendants' self-funded health benefit plan. (Complaint, at ¶ 23.)

9. Plaintiff submitted claims to Defendants' self-funded health plan for payment of services provided to Patient. (Complaint, at ¶ 29.)

10. Plaintiff admits the health plan made payments for the services provided to Patient. (Complaint, at ¶ 30.)

11. Plaintiff admits the plan denied payment of some charges because they were inconsistent with Plan documents. (Complaint, at ¶¶ 9, 17.)

12. Plaintiff implies it appealed the plan's denial of benefits. (Complaint, at ¶¶ 9, 11, 19.)

13. Plaintiff contends the plan's payment of benefits created an implied-in-fact contract to pay all charges. (Complaint, at ¶ 38.)

14. Plaintiff asserts the plan underpaid Plaintiff for the services provided to Patient. (Complaint, at ¶¶ 39, 40, 43.)

15. Plaintiff asserts Defendants "verified the Patient's eligibility and benefits and provided unequivocal confirmation pre-authorization for the services Patient would receive was not required" under the ERISA plan. (Complaint, at ¶ 32.)

16. Plaintiff asserts that its provision of services to the Patient benefitted Defendants because it "performed all its obligations" to provide medical care and treatment under the ERISA plan. (Complaint, at ¶ 36.)

17. Plaintiff asserts that Defendants owe additional payment for the services provided to the Patient because Plaintiff submitted claims for payment to Defendants' ERISA plan. (Complaint, at ¶ 37.)

18. ERISA governs employee benefit plans that are established or maintained by an employer for the purposes of providing benefits to its employees.

29 U.S.C. § 1003(a)(2). An employee welfare benefit plan is "any plan, fund or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death . . . ." 29 U.S.C. § 1002(1).

19. While the well-pleaded complaint rule generally controls whether an action arises under federal law, ERISA is an exception to the well-pleaded complaint rule. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004). The civil enforcement provisions contained in ERISA provide the exclusive vehicle for actions to recover benefits under an ERISA plan. *See Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). ERISA's civil enforcement mechanism has "such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Davila*, 542 U.S. at 209. Causes of action within the scope of 29 U.S.C. § 1132(a) are removable to federal court. *Taylor*, 481 U.S. at 66. "[I]f an individual brings a suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls within the scope of ERISA." *Davila*, 542 U.S. at 210.

20. ERISA authorizes a civil action to recover benefits due under the terms of the plan or enforce rights under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). ERISA also permits an action to obtain other appropriate relief, including injunctive relief, to redress violations of the plan or ERISA or to enforce

any provision of ERISA.  29 U.S.C. § 1132(a)(3).  Health care providers, like Plaintiff, may bring a civil action under ERISA.  *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1291 (9th Cir. 2014).

21. Plaintiff's breach of implied-in-fact contract and *quantum meruit* causes of action against Defendants fall within the scope of ERISA and are completely preempted.  Plaintiff's claim is a simple, straightforward claim for ERISA benefits.  Plaintiff alleges it is entitled to additional benefits under the health plan because it provided services to the Patient who was a participant in the ERISA plan, Plaintiff submitted claims for payment to the ERISA plan, and Plaintiff received less payment from the health plan than it should have received.  Plaintiff could have brought its claims under ERISA, and these claims are not supported by any legal duty arising outside of the ERISA plan.  *See Davila*, 542 U.S. at 210.  In other words, but for the fact Defendants sponsored a health plan covering the Patient, Defendants would have no obligation to pay any amount to Plaintiff.  Accordingly, Plaintiff's claims are completely preempted, and this action is removable to this Court.

22. Defendant GPA will promptly file a copy of this Notice of Removal in the Superior Court of the State of California for the County of Orange.

Dated: November 13, 2020.

*/s/ Timothy L. Moore*
Timothy L. Moore, Esq.
CA Bar No. 305168
Attorney for Defendant GPA

FISHERBROYLES, LLP
811 Mason Street
San Francisco, CA 94108
T: 619-678-1588
F: 619-275-7479
timothy.moore@fisherbroyles.com

| Exhibit | Pages |
|---|---|
| **A** – State Court Complaint | 7-17 |
| **B** – ERISA Plan Documents | 18-170 |

# EXHIBIT A